JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN KAURLOTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A.; CALIBER HOME LOANS, INC.; MTC FINANCIAL INC. dba TRUSTEE CORPS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No. 16-cv-06652-JFW-GJSx<br><br>**STATEMENT OF DECISION GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:    Hon. John F. Walter |

**I.    PROCEDURAL POSTURE**

Plaintiff Kathleen Kaurloto ("Plaintiff") filed this action on June 15, 2016, seeking monetary and declaratory relief. She filed her First Amended Complaint on September 29, 2016. Defendants Caliber Home Loans, Inc. ("Caliber"), U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust (erroneously sued as "U.S. Bank, N.A.") ("USB Trust as Trustee for LSF9"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed their Motion to Dismiss on October 31, 2016, and Plaintiff filed her Opposition on

November 8, 2016. Defendants filed their Reply on November 14, 2016. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## II.     STATEMENT OF FACTS

In May 2005, Plaintiff borrowed $410,000.00 from Swan Investments International, Inc. dba International Mortgage. (See FAC, "Compl." ¶ 15.) The loan was secured by a Deed of Trust encumbering the property commonly known as 522 Albro Street, Los Angeles, California 90732 (the "Property"). (See *id.* ¶¶ 15-16, Ex. A) The Deed of Trust lists moving defendant MERS as beneficiary in nominee capacity for the lender and the lender's successors and assigns. (See *id.* p. 1.)

In November 2015, an Assignment of Deed of Trust, noticing the public that MERS assigned the Deed of Trust to co-defendant USB Trust as Trustee for LSF9, was recorded. (See Compl. ¶ 20, Ex. D.)

Plaintiff apparently became unable to make her mortgage payments and defaulted. She does not deny her default. As a result of the default, foreclosure proceedings commenced. In December 2015, a Notice of Default, informing the public of the default and commencement of foreclosure, was recorded. (Compl. ¶ 17, Ex. B.) Three months later, a Notice of Trustee's Sale was recorded, noticing the upcoming sale. (Compl. ¶ 18, Ex. C.) The sale was postponed. Plaintiff filed suit in June 2016 to prevent the sale.

Plaintiff claims the beneficiaries of the Deed of Trust lacked authority to foreclose. She sues, preemptively, to compel Defendants to prove their interest in the security and authority.

/ / /

/ / /

/ / /

## III. STANDARD FOR MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. To survive a motion to dismiss, a plaintiff must do more than assert "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. 1949. Although "[t]he plausibility standard is not akin to a 'probability requirement," the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly*, 550 U.S. 556.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Ashcroft*, 129 S. Ct. 1949 (assumption of truth does not apply to "legal conclusions couched as a factual allegation."). *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2009); and *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, when evaluating the adequacy of a complaint, the court may consider exhibits submitted with the complaint or those that are subject to judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## IV. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WITH RESPECT TO EACH CAUSE OF ACTION ALLEGED AGAINST DEFENDANTS

### A. Plaintiff's Cause of Action for Wrongful Foreclosure (First Claim) Fails

#### 1. Plaintiff's Wrongful Foreclosure Claim is Premature and Fails for Lack of Tender

To state a claim for wrongful foreclosure, Plaintiff must allege (1) Defendants caused an illegal, fraudulent or willfully oppressive *sale* of the Property (2) resulting prejudice or harm and (3) Plaintiff tendered the entire indebtedness or is excused from tendering. *Chavez v. Indymac Mortgage Servs., et al.*, 219 Cal. App. 4th 1052, 1062 (2013).

Under well-settled California law, a party cannot enjoin a foreclosure sale unless he has tendered the obligation in full. *See United States Cold Storage v. Great Western Sav. and Loan Ass'n*, 165 Cal.App.3d 1214, 1222 (1985). The "tender rule" requires that, as a precondition to challenging a foreclosure or any cause of action implicitly integrated with the foreclosure, the borrower must make a valid and viable tender of payment of the secured debt. *Karlsen v. American Savings and Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971); *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (1984). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen*, 15 Cal.App.3d at 117-18. Plaintiff has not

alleged that she tendered the debt or that she is excused for tendering. For this reason alone, the Motion to Dismiss should be sustained as to this claim.

Plaintiff's claim is also premature. "A lender or foreclosure trustee may only be liable to the mortgagor or trustor for wrongful foreclosure if the property was fraudulently or illegally sold under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970). Where a trustee's sale has <u>not</u> occurred, a cause of action for wrongful foreclosure is not ripe. *See Beall v. Quality Loan Serv. Corp.*, 2011 WL 1044148, at *3 (S.D. Cal. Mar. 21, 2011). Plaintiff does not allege the Property sold at foreclosure. It hasn't. This claim is not yet ripe.

**2.   No Facts Showing the Foreclosing Entities Lacked Authority to Foreclose**

Plaintiff seeks to challenge the authority of the parties who foreclosed, but fails to allege facts suggesting the parties lacked authority.

Plaintiff's Complaint is based on the unsupported premise—that a borrower may require a beneficiary of a deed of trust to prove it holds the note and has authority to foreclose before it completes a trustee's sale. A borrower cannot. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011) (holding that a plaintiff has no right to sue to contest the foreclosing beneficiary's authority to initiate or conduct a nonjudicial foreclosure because California's framework does not permit "a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process" as "recognition of the right to [do so] would fundamentally undermine the nonjudicial nature of the process ); *see also Dennis v. Wachovia Bank*, *FSB*, 2011 WL 181373, *7-8 (N.D. Cal. Jan. 19, 2011) (holding that no provision of the framework requires a foreclosing party to prove up the "chain of ownership" to a borrower in order to non-judicially foreclose.). Indeed, the Second Appellate Division, in *Yhudai v. Impac Funding Corp.*, No. B262509, 2016 WL 4098719, at *5 (Cal. Ct. App.

-5-

July 29, 2016), held that the burden is on the plaintiff to show defects in the foreclosure process, not on the defendant to show their authority to foreclose. Plaintiff lacks standing to require proof of authority.

Even if Plaintiff could preemptively sue to question Defendants' right to enforce the security, there are no facts supporting her contention that the foreclosure sale commenced without authority. A security interest follows the note. *See Carpenter v. Longan*, 83 U.S. 271, 274 (1872). Thus, a note purchaser automatically acquires authority to enforce the security. Plaintiff does not allege facts suggesting that USB Trust as Trustee for LSF9 did not purchase or acquire the note. Rather, she accuses the entire mortgage securities industry of failing to properly assign promissory notes in unspecified instances, and cites to outdated and overruled New York opinions (*cf. Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79 (2d Cir. 2014). (*See* Compl. ¶¶ 49-65.)

Relying on her factually unsupported, but perceived issue with the mortgage industry, Plaintiff alleges that USB Trust as Trustee for LSF9 must prove that it purchased the note, that the note was validly assigned to the trust and that it held the note when foreclosure commenced. (Compl. ¶¶ 30, 73.) As Plaintiff's Opposition concedes, her "void" loan transfer theory is premised on *Glaski v. Bank of America*, (2013) 218 Cal.App.4th 1079. As in *Glaski*, Plaintiff alleges that the subject loan was assigned to a securitized loan trust, which is governed by a PSA to which "New York trust law" applies, but that the failure to deposit the Note into the trust before the closing date is a violation of the PSAs and of New York trust law. However, the state and federal courts have confirmed that Plaintiff's untimely loan transfer theory fails as a matter of law. *See Morgan v. Aurora Loan Services*, *LLC*, 646 F. App'x 546, 548 (9th Cir. 2016) (finding that plaintiff lacked standing "because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the [PSA] at issue[.]"); *Patel v. U.S. Bank, N.A.*, 2016 WL 4013861, at *3 (N.D. Cal. July 27, 2016); *Reed v. Wilmington Trust, N.A.*,

-6-
STATEMENT OF DECISION

2016 WL 3124611, *5 (N.D. Cal. June 3, 2016); *Croskrey v. Ocwen Loan Servicing, LLC*, 2016 WL 3135643 (C.D. Cal. June 2, 2016); *Hard v. Bank of New York Mellon*, 2016 WL 2593911,*12 (E.D. Cal. May 5, 2016). Plaintiff offers no discussion or counter points to any of the authority cited by Defendants.

Plaintiff contends *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016) gives her authority to demand USB Trust as Trustee for LSF9 prove its interest before continuing with foreclosure. (Compl. ¶¶ 66-69.) She is wrong. *Yvanova* is unsupportive to Plaintiff.

As the Supreme Court recently decided in *Yvanova,* a borrower can generally raise no objection to the assignment of the deed of trust. *Yvanova*, 62 Cal.4th at 927. The Supreme Court carved out one very narrow exception to the general rule that a borrower lacks standing to challenge an entity's authority to foreclose. The Court held that a borrower-claimant does not lack standing to sue for wrongful foreclosure to contest the authority of the foreclosing entity *if* (1) the trustee's sale has completed and (2) the borrower properly alleges that the assignment is void, not merely voidable. *See id*. at 924.

> "Our ruling in this case is a narrow one. We hold only that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment. **We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed.** Nor do we hold or suggest that plaintiff in this case has alleged facts showing the assignment is void or that, to the extent she has, she will be able to prove those facts."

(emphasis added). Plaintiff ignores the narrow limit of the holding. *Yvanova* did not address pre-foreclosure claims like this one. It only held that borrowers have standing to pursue wrongful foreclosure claims based on an allegedly void assignment of the loan *after the foreclosure sale has occurred.*

-7-
STATEMENT OF DECISION

The narrow scope of the *Yvanova* decision was recently explained in a California appellate court. Earlier this year, California's Fourth Appellate District issued an opinion in *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016), *reh'g denied* (Apr. 11, 2016), *review denied* (July 13, 2016), in which the Court found that a borrower does not have standing to challenge an assignment of the Deed of Trust **before a foreclosure sale takes place**. In *Saterbak*, the Court determined that the borrower had the burden to establish standing and explained that as the party seeking to cancel the Assignment, the borrower must demonstrate "some such beneficial interest that is concrete and actual, and not conjectural or hypothetical." *Saterbak* at 6-7. The Court found that plaintiff failed to meet her burden to establish standing because it is inconsistent with the legislature's comprehensive non-judicial foreclosure scheme to require a foreclosing entity to prove its authority to foreclose in court *prior* to conducting a sale. *Id*. at 13-14.

The *Saterbak* Court then distinguished *Yvanova* for two reasons. First, the Supreme Court expressly limited its holding to the post-foreclosure sale context. Second, *Yvanova* expressly declined to rule on the issue of whether an assignment after the Pooling and Servicing Agreement's ("PSA") closing date would render the assignment void or voidable under the applicable law. The Court concluded that an assignment that failed to comply with the terms of the PSA would be "merely voidable," adopting a Second Circuit Court of Appeals decision and rejecting the contrary holding in *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 (2013). The *Saterbak* Court thus concluded that the borrower lacked standing because she, like Plaintiff here, brought suit before the foreclosure sale occurred and because the basis of her challenge was not a *void* assignment.

The two prerequisite conditions to challenging a beneficiary's authority do not exist here. The foreclosure sale has not been completed. And Plaintiff does not allege facts showing the assignment of deed of trust was void. She alleges in a conclusory manner that "the Assignment recorded on November 5, 2015,

-8-

purporting to transfer beneficial interests to U.S. Bank is VOID" but says nothing about what makes it void. (*See* Compl. ¶ 74.) Plaintiff seeks to do just what the Supreme Court and Court of Appeals bar—to convert a nonjudicial proceeding into a judicial one. Her cause is improper and the District Courts overwhelming agree. *See Morgan v. Aurora Loan Services*, *LLC*, 646 F. App'x 546, 548 (9th Cir. 2016) (finding that plaintiff lacked standing "because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the [PSA] at issue[.]"); *Patel v. U.S. Bank, N.A.*, 2016 WL 4013861, at *3 (N.D. Cal. July 27, 2016); *Reed v. Wilmington Trust, N.A.*, 2016 WL 3124611, *5 (N.D. Cal. June 3, 2016); *Croskrey v. Ocwen Loan Servicing, LLC*, 2016 WL 3135643 (C.D. Cal. June 2, 2016); *Hard v. Bank of New York Mellon*, 2016 WL 2593911,*12 (E.D. Cal. May 5, 2016).

For all the foregoing reasons, Plaintiff has failed to allege a cause of action against Defendants for wrongful foreclosure, and the claim is DISMISSED with prejudice. Because each and every one of Plaintiff's claim flows from the same failed premise, that because Defendants did not have any interest in the loan they were not entitled to foreclose, the Motion to Dismiss is GRANTED in its entirety.

In the interest of completeness, the Court hereby discusses each cause of action, even though they are all based on the same failed premise.

**B.     Plaintiff's Cause of Action for Violation of Cal. Civ. Code § 2924(a)(6) (Second Claim) Fails**

As discussed above, Plaintiff does not have standing to challenge the validity of the assignments. Since this claim relies on challenges to the validity of the assignments, it too fails as a matter of law. Plaintiff may not rely on perceived problems with the mortgage industry as a whole to support her contention that a wrongdoing occurred here. Nor may she seek to have Defendants prove their interest and authority. Section 2924(a)(6) gives no such standing to Plaintiff. To proceed with her claim, Plaintiff must allege facts showing the foreclosure

-9-

instruments were recorded by entities without authority. She pleads no such facts. The claim is DISMISSED with prejudice.

///

### C. Plaintiff's Cause of Action for Violation of Civil Code 2924.17 (Third Claim) Fails

Plaintiff claims that Defendants did not comply with Cal. Civ. Code § 2924.17. (Compl. ¶¶ 104-107.) This section prohibits robo-signing and requires that "a mortgage servicer shall insure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose including the borrower's loan status and loan information." Civ. Code § 2924.17(a)-(b); *see Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, 2013 WL 1196959, at *4 (N.D. Cal. Mar. 25, 2013). However, Plaintiff's factual allegations regarding Defendants are speculative and are not sufficiently pleaded. Furthermore, Plaintiff has failed to articulate a legal theory to which any robo-signing claims are relevant. California district courts have dismissed claims based on similar assertions. *Phillips v. Wells Fargo Bank, N.A.*, 2009 WL 3756698 at *4 (S.D. Cal. Nov. 2009); *Marty v. Wells Fargo Bank*, 2011 WL 1103405 (E.D. Cal. March 22, 2011).

Under the *Yvanova* analysis, robo-signing also does not render an assignment void. To the extent that an assignment was in fact robo-signed, it would be voidable, not void, at the injured party's option—the injured party would be the assignee (USB), not Plaintiff. *See Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1109 (N.D. Cal. 2014); *Reed v. Wilmington Trust, N.A.*, 2016 WL 3124611, *5 (N.D. Cal. June 3, 2016) (the alleged [robo-signing] defect would only render the assignment voidable, rather than void).Therefore, robo-signing allegations do not give the Plaintiff standing to challenge the MERS assignment. This cause of action, and to the extent these robo-signing allegations underlie Plaintiff's various other causes of action, is DISMISSED with prejudice. It would be futile to grant

Plaintiff leave to amend to the extent the wrongful foreclosure claim is premised on the allegations of robo-signing.

///

///

### D. Plaintiff's Cause of Action for Cancellation of Written Instruments (Fourth Claim) Fails

In order to allege a cause of action for cancellation of instrument, a plaintiff must specifically plead the facts showing actual invalidity of the apparently valid instrument. 5 Witkin, Cal. Proc., Pleading, § 673-674 (5th ed. 2011); *Ephraim v. Metropolitan Trust Co.*, 28 Cal. 2d 824, 833-834 (1946) (plaintiff "must state facts, not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid"). That is, "[a]n action for cancellation cannot be pleaded generally.

Plaintiff seeks to cancel the foreclosure instruments, specifically the Notice of Default and Notice of Trustee's Sale. (Compl. ¶ 114). But she does not allege the documents were wrongfully recorded or recorded without authority. Under Cal. Civ. Code section 2924(a)(1) a "trustee, mortgage or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under Cal. Civ. Code § 2924b(b)(4) a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." She also has not alleged their actual invalidity. Although Plaintiff contends that the Assignment of Deed of Trust "is void because it occurred after the Closing Date of the Securitized Trust", these allegations have been rejected by *Rajamin* (2nd Circuit), *Saterbak* (CA 4th Appellate District), and *Yhudai* (2nd Appellate District), *supra*.

Further, "[i]n order to challenge the [foreclosure] sale successfully there must be evidence of a failure to comply with the procedural requirements for the

foreclosure sale that caused prejudice to the person attacking the sale." *Angell v. Superior Court*, 73 Cal. App. 4th 691, 700 (1999); *Knapp v. Dougherty,* 123 Cal. App. 4th 76 (2004). Here, Plaintiff does not allege how any defect caused her prejudice given her status as already in default. The Notice of Default, attached to Plaintiff's FAC (Compl., Exhibit B), reveals that as of December 14, 2015, she was in default in the amount of 103,618.98, and had not made any payment since before December 1, 2010. Plaintiff does not dispute her default, and has failed to tender/cure her default for several years.

Similarly, because this claim relies on challenges to the validity of the assignments, it too fails as a matter of law and is hereby DISMISSED with prejudice.

### E. Plaintiff's Cause of Action for Breach of the Implied Covenant (Fifth Claim) Fails

Plaintiff's fifth claim for breach of the implied covenant of good faith and fair dealing fails as against Caliber because Plaintiff does not allege the existence of an agreement between herself and Caliber. It fails as against all Defendants because Plaintiff does not allege Defendants' interference with her performance on the contract.

In order to state a claim for breach of the implied covenant of good faith and fair dealing, Plaintiff must allege: (1) the existence of some specific contractual obligation; and (2) interference with plaintiff's performance of the contract or failure to cooperate with the plaintiff. *Racine & Laramie, Ltd. v. Department of Parks and Recreation*, 11 Cal.App.4th 1026, 1031-1032 (1992). "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." *Id*. This implied covenant does not extend beyond the terms of the contract at issue. *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 349 (2000). "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Agosto v.*

*Astor*, 120 Cal.App.4th 596, 607 (2004) (citations omitted). It cannot create, expand or contradict contractual terms no matter how seemingly unfair. *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal.App.4th 44 (2002); *Racine*, 11 Cal.App.4th at 1032 & 1043-45. "The covenant is implied in contracts, not in negotiations." *Hafiz v. GreenPoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1046 (N.D. Cal.,2009).

Plaintiff's claim fails because she does not allege the contract on which this claim is based. (*See* Compl. ¶¶ 120-123). Defendants should not be required to plead Plaintiff's case for her. In any event, to the extent Plaintiff charges Defendants with breaching implied covenants in the loan agreement or the Deed of Trust, the claim fails as against Caliber, the loan servicer who was not party to either agreement. It also fails as against MERS and USB Trust as Trustee for LSF9 because Plaintiff does not allege their interference with her performance. Plaintiff defaulted on the loan, and does not deny her default. She does not allege facts showing Defendants caused the default or prevented her from curing the default.

Plaintiff's claim flows from the same failed premise, that because Defendants did not have any interest in the loan, they were not entitled to foreclose. Opp at 11. Plaintiff has not established standing to challenge the validity of the assignments at issue. Thus, Plaintiff cannot assert a claim for breach of the implied covenant of good faith and fair dealing on this ground. This claim is DISMISSED with prejudice.

**F.    Plaintiff's Cause of Action for Declaratory Relief (Sixth Claim) Fails**

In seeking declaratory relief, a plaintiff must satisfy a two-part test under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, demonstrating that a declaratory judgment is appropriate. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). The court must first determine if an actual case or controversy exists; then, the court must decide whether to exercise its jurisdiction to grant the relief

requested. *Id.* For declaratory relief, there must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment. *Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993); *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Unless an actual controversy exists, a court is without power to grant declaratory relief. *Garcia v. Brownell*, 236 F.2d 356, 357-358 (9th Cir. 1956). The mere possibility, even probability, that a person may in the future be adversely affected by official acts not yet threatened does not create an "actual controversy." *Id.* Further, declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir.1985).

Here, the declaratory relief Plaintiff seeks is entirely commensurate with the relief sought through her other causes of action. Thus, Plaintiff's declaratory relief claim is duplicative and unnecessary. A claim for declaratory relief is "unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Washington Mutual Bank*, 637 F.Supp.2d 700, 707 (N.D. Cal. 2009). In addition, because the contentions underlying Plaintiff's declaratory relief request are without basis in fact or law, she cannot establish an actual present controversy that justifies this remedy. Indeed, the declaratory relief claim is predicated entirely on the failed theories that provide the basis for Plaintiff's other causes of action. Accordingly, there is no real, immediate controversy to adjudicate, and Plaintiff's request for declaratory relief is DISMISSED with prejudice.

### G. Plaintiff's Cause of Action for Violation of Bus. & Prof. Code § 17200 (Seventh Claim) Fails

Plaintiff conclusorily alleges that Defendants violated California's Unfair Competition law, Cal. Bus. Prof. Code §17200 et seq. ("UCL"), by virtue of the conduct alleged in their other causes of action. To state a claim under the UCL,

Plaintiff must allege that Defendants engaged in an "unlawful, unfair or fraudulent business act or practice" as a result of which Plaintiff suffered an "injury in fact" and "lost money or property." See Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal. App. 4th 322 (2004). A UCL claim is predicated entirely upon a violation of another statutory or common law. Thus, a UCL claim stands or falls "depending on the fate of antecedent substantive causes of action." *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001). Plaintiff predicates her UCL claim on the same allegations and theories which fail to state any other viable legal claim. As discussed at length above, Plaintiff's theories have been repeatedly rejected by the California courts and cannot provide the basis for a valid claim against Defendants.

Further, to whatever extent Plaintiff attempts to bring claims under the UCL's "unfair" or "fraudulent" prong, this claim is inadequately pled. An alleged "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003). Plaintiff fails to plead facts showing that Caliber engaged in any such "unfair" practices. *See Simila v. American Sterling Bank*, 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim on this basis). Further, the FAC fails to plead, with ***particularity***, who, where, and when any employee or agent of Defendants engaged in any conduct violative of the UCL. *See Khoury*, 14 Cal. App. 4th at 619. Because Plaintiff has not successfully asserted any underlying substantive cause of action or pleaded any statutory violation, Plaintiff has failed to show that Defendants have engaged in unlawful, unfair, or fraudulent business practices.

Furthermore, Plaintiff failed to properly plead that any damages have been incurred as a result of any purported violations of the UCL. Because the sale has not occurred Plaintiff does not allege a loss of money or property. *Jensen v. Quality*

*Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1199 (E.D. Cal. 2010). She lacks standing to assert this claim. This claim is DISMISSED with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED. Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting Plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). In this case, Plaintiff has failed to allege any facts in her Opposition that indicates leave to amend would not be futile. Accordingly, Plaintiff's First Amended Complaint is DISMISSED without leave to amend.

**IT IS SO ORDERED**.

DATED: _November 17, 2016

THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE